**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 12-01613 VAP (OPx)                    Date:  September 21, 2012

Title:       CONSUELO VALDIVIA -v- SALVADOR ALVAREZ LOPEZ, DOES 1 TO 10 INCLUSIVE
==============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                          None Present
    Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR                        ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

    None                                                         None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

    On July 31, 2012, Plaintiff Consuelo Valdivia filed a complaint for unlawful detainer ("Complaint") against Defendant Salvador Alvarez Lopez in the California Superior Court for the County of Riverside.  (Not. of Removal.)  On September 21, 2012, Defendant removed the action on the basis of this Court's federal question jurisdiction, 28 U.S.C. § 1331.  (<u>See</u> <u>id.</u>)

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  <u>Gaus v.</u>

MINUTES FORM 11                                        Initials of Deputy Clerk ___md___
CIVIL -- GEN                              Page 1

EDCV 12-01613 VAP (OPx)
CONSUELO VALDIVIA v. SALVADOR ALVAREZ LOPEZ, DOES 1 TO 10 INCLUSIVE
MINUTE ORDER of September 21, 2012

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant appears to allege the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims arise under federal law. (See id. at 2-5.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendant has not shown the Court has jurisdiction based on federal question under 28 U.S.C. § 1331.

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met her burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Accordingly, the Court REMANDS this action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**